YAMANAKA & Co., INC., Plaintiff, *v.* JOHN A. DUNBAR, Defendant.

Supreme Court, New York County, January 20, 1938.

*Kamen & Ostertag,* for the plaintiff.

*James A. O'Gorman, Jr.,* for the defendant.

McGEEHAN, J. Motion is made for (1) stay pending appeal from an order denying defendant's motion to vacate a judgment for lack of jurisdiction of the person of the defendant, and (2) for further time as may be necessary for the final determination of a motion, to be filed without delay on final decision of the motion to vacate, for relief under section 217 of the Civil Practice Act, on the ground that such stay is in accordance with the written stipulation of counsel. I take it from the relief here sought that it is the defendant's contention that the stipulation entered into expressly reserves the right to the defendant to move under section 217 of the Civil Practice Act, for leave to defend and to vacate the judgment, in the event that if on appeal the order denying his motion to vacate the judgment for lack of jurisdiction is affirmed. I may assume that if there was a written stipulation whereby the plaintiff agreed that until the " final " determination of the motion to vacate the judgment for lack of jurisdiction, the word " final " would include the right of an appellate court to review the order of the court of original jurisdiction. If the understanding of the parties is embraced within the letters of the respective attorneys of December 14, 1937, and December 15, 1937, I can find nothing in the writings that would justify an interpretation that defendant had a right to appeal before making the motion under section 217 of the Civil Practice Act. The defendant's attorney states in his letter that if the motion to vacate the judgment for lack of jurisdiction is not granted, " I intend immediately upon denial of the motion to move under section 217 of the Civil Practice Act. * * * It is my understanding that you will take no further steps with respect to supplementary proceedings until the final determination of the motion pending, and if that motion is denied until the termination of the motion under section 217 which I promise will be made without delay." It will be observed that defendant was required to move without delay under section 217 of the Civil Practice Act, which has not been done. To hold that the defendant has a right to move " without delay " after the " final determination of the motion pending " gives the defendant the right to move after the appellate court has affirmed the order appealed from, would be a far-reaching construction, and particularly so when the extent of the oral stipulation as to the extent of " final " determination is disputed. Rule 4 of the Rules of Civil Practice suggests that stipulations be in writing. The

present motion will, therefore, be considered for a stay on appeal. As the defendant has not submitted to jurisdiction, the right to a stay on appeal upon giving of a bond of indemnity is not available in the absence of some proof that on the law and /or the facts the defendant appearing specially presents a case where there is a debatable question of law present or that defendant has shown probable grounds for success on appeal. If, however, the court can accept as a concession by the plaintiff that if the defendant wants a stay on appeal he should supply a bond, and to that extent the defendant may have a stay on appeal provided he files a surety company bond within five days conditioned to pay the judgment as entered, or, if defendant so elects, he may apply, upon proper papers, as required by section 217 of the Civil Practice Act, for leave to defend, and a short stay will be allowed for that purpose, and in the event of such motion the appeal taken from the order now entered to be deemed abandoned and rendered academic.